IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01834-WDM-PAC

PATRICIA TARASIESICZ,

    Plaintiff,

v.

WEISS, JEFFREY J., and
VERNAL PROPERTIES, LLC.,

    Defendants and Third-Party Plaintiffs,

v.

HIRSCH, DAVID,

    Third-Party Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Patricia A. Coan, United States Magistrate Judge

    Plaintiff filed this diversity action on September 22, 2005, and defendants were served on the same date. The clerk declined to enter default on October 17, 2005, but then entered a default against defendants on October 18, 2005. On October 21, 2005, defendants filed their answer and a third-party complaint, along with a Motion to Set Aside Entry of Default [doc. # 9]. The Motion to Set Aside Entry of Default was referred to me on October 24, 2005. A general order of reference was entered by Judge Miller on October 25, 2005. Plaintiff moved to strike defendants' answer on October 30, which I denied in an order entered October 31,

2005.[1]

I now enter a recommendation to grant the Motion to Set Aside Entry of Default. Defendants filed their motion to set aside the entry of default pursuant to FED.R.CIV.P. 55(c), which provides that a district court may set aside entry of default for good cause shown. The defaulting party has the burden of proving that the default should be set aside. *Nikwei v. Ross Sch. of Aviation*, 922 F.2d 939, 941 (10th Cir. 1987). In their motion, defendants state that they had conferred with counsel for plaintiff and that counsel for plaintiff had agreed to an extension of time until October 21, 2005. Defendants' counsel states in the Motion to Set Aside Default at ¶ 3 that he was unaware of the provision of the Local Rules of Court for the U.S. District Court, District of Colorado, which requires the filing of such a motion for extension of time. While there is some concern over whether this is "good cause," there is no "culpability" on the part of defendants' counsel which would warrant a denial of the Motion to Set Aside Default.[2]

Setting aside an entry of default is addressed to the sound discretion of the trial courts, and they are given 'a great deal of latitude' in exercising their discretion. *Id.* Notwithstanding plaintiff's seven page response brief in opposition to the motion to set aside default, defendants' answer has been filed, and the entry of default is properly set aside.[3]

---

[1] That order was originally entered by the clerk's office as an order granting the motion to strike, but it has been corrected. See doc. # 18.

[2] The principal factors in determining whether a defendant has met the good cause standard are (1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense. *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992). These factors are not "talismanic" and the court may consider other factors. Id. at 184.

[3] Plaintiff relies heavily on authorities relating to the setting aside of default judgment: *U.S. v. Timbers Preserve*, 999 F.2d 452 (10th Cir. 1993)(FED.R.CIV.P. 60(b)); and *Sumler v. District Court*, 889 P.2d 50 (Colo. 1995) (*en banc*) (Colorado Supreme Court considered a mandamus proceeding regarding the setting aside of a default judgment pursuant to the Colorado Rules of Civil Procedure). The cases are not applicable to this motion.

Accordingly, it is

**RECOMMENDED** that Defendants' Motion to Set Aside Entry of Default [filed October 21, 2005] be **granted**.

**Within ten days after being served with a copy of the proposed findings and recommendation, any party may serve and file written objections to the proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado. The district court judge shall make a de novo determination of those portions of the proposed findings or specified recommendation to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the proposed findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.**

**Failure to make timely objections to the magistrate judge's recommendation may result in a waiver of the right to appeal from a judgment of the district court based on the findings and recommendations of the magistrate judge.**

Dated this 3rd day of November, 2005.

                                                  BY THE COURT:

                                                  s/ Patricia A. Coan
                                                  PATRICIA A. COAN
                                                  United States Magistrate Judge