IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01834-MEH-PAC

PATRICIA TARASIEWICZ,

    Plaintiff,

vs.

JEFFREY J. WEISS and
VERNAL PROPERTIES, LLC, a Colorado limited liability company,

    Defendants and Third-Party Plaintiffs,

vs.

DAVID HIRSCH,

    Third-Party Defendant.

_____

**ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**
_____

This is a straightforward breach of contract case. Plaintiff loaned $250,000 to Defendants in connection with a real estate development project the Defendants were doing in Germany. Defendants failed to repay the loan according to its terms. Defendants contend that the agent Plaintiff used to negotiate the loan told Defendants that there would be additional financing for the project, such that different investors would provide the funds necessary to repay the $250,000 by the time it came due. The additional financing never arrived. Plaintiff now moves for summary judgment [Docket #31] on the breach of contract claim, as well as on a fraudulent conveyance claim alleging that Defendant Weiss transferred his one-half joint interest in his residence by a quit claim deed to his wife six days after he was served with the summons in this lawsuit. For the following reasons, the Court **grants** Plaintiff's Motion on the first claim and **denies** it on the second claim.

**I.     Facts**

These are the facts that are undisputed for purposes of Plaintiff's Motion for Summary Judgment, except as otherwise noted. Plaintiff loaned Defendants and Third-Party Defendant (collectively "Defendants") $250,000 via a written loan agreement (titled "Loan Agreement for Operating Capital," hereinafter "Loan Agreement"). Donna Zerbo represented Plaintiff in the loan negotiations. The loan was due on June 30, 2005. Defendants and Third-party Defendant have not repaid the loan, either principal or interest. Defendants allege that Ms. Zerbo represented to them that she would arrange additional financing from other sources that would be sufficient to repay the $250,000 loaned by Plaintiff, as well as provide the money needed to continue with the project, to the tune of another $500,000. Thus, Defendants contend that through their discussions with Ms. Zerbo, they believed they would not have to repay the $250,000.

The Loan Agreement requires application of New York law in any action to enforce it.[1] It also contains a clause stating that the Loan Agreement is the entire agreement of the parties, in which any prior or contemporaneous representations or understandings are merged.

Defendant Weiss had a joint tenancy with his wife in ownership of their home. He was served with the Complaint in this action on September 20, 2005. He transferred all his interest in his home

---

[1] The Court will thus apply New York substantive law. In *National Mortgage Corp. v. Greenwich Capital Fin. Prods.*, 53 Fed. Appx. 510 (10th Cir. 2002), the parties' original contract had a choice-of-law clause requiring New York law to be applied to any dispute thereunder. The lawsuit concerned an oral contract that was an extension of the original contract. The Tenth Circuit noted that a federal court must look to the forum state's choice of law provisions to determine the effect of a contractual choice-of-law provision, and Colorado law generally recognizes as valid a contract's choice of law. *Id.* at 512 (citing *Hansen v. GAB Bus. Servs.,Inc.*, 876 P.2d 112, 113 (Colo. Ct. App. 1994)). Further, the Tenth Circuit held that even oral agreements arising under a written contract which required application of New York law must be interpreted using New York law. *Id.* at 512.

to his wife on September 26, 2005. He contends that this was part of a long-standing agreement he had with his wife.

**II.   Discussion**

   **A.   Legal Standard for Summary Judgment**

Plaintiff moves for summary judgment on both her claims. A motion for summary judgment serves the purpose of testing whether a trial is required. *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003). The Court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The non-moving party has the burden of showing that there are issues of material fact to be determined. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The moving party bears the initial responsibility of providing to the Court the factual basis for its motion and identifying the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which reveal that there are no genuine issues as to any material facts, and that the party is entitled to summary judgment as a matter of law. *Id.* at 323; *Maldonado v. City of Altus*, 433 F.3d 1294, 1302 (10th Cir. 2006). If the movant properly supports a motion for summary judgment, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing a genuine factual issue for trial. *Hysten v. Burlington Northern and Santa Fe Ry.*, 296 F.3d 1177, 1180 (10th Cir. 2002); Fed. R. Civ. P. 56(e). These specific facts may be shown "'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves.'" *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (quoting

*Celotex*, 477 U.S. at 324). "[T]he content of summary judgment evidence must be generally admissible and . . . if that evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, *i.e.,* the evidence must be based on personal knowledge." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005). "The court views the record and draws all favorable inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1256 (10th Cir. 2005).

Further, it is well established in New York law that "the interpretation of a contract is a question of law for the court," and is properly considered in the context of a summary judgment motion. *National Union Fire Ins. Co. v. Christopher Assoc.*, 257 A.D.2d 1, 11, 691 N.Y.S.2d 35, 43 (1999). Moreover, one of the fundamental principles of contract interpretation under New York law is that the intent of the parties as revealed by the language which they have chosen is given controlling weight. *Slatt v. Slatt*, 64 N.Y.2d 966, 967, 477 N.E.2d 1099, 1100 (1985); *British Int'l Ins. Co. v. Seguros La Republica, S.A.*, 342 F.3d 78, 81 (2nd Cir. 2003) .

### B. Breach of Contract Claim

The only argument Defendants make to avoid the breach of contract claim is that Ms. Zerbo, the agent Plaintiff used to negotiate the contract, told Defendants that *Ms. Zerbo* would come up with additional financing (which would obviate the need for the Defendants to repay the $250,000 when it was due), and that such financing never materialized. The Court believes that summary judgment is appropriate for Plaintiff on several grounds.

First, the undisputed facts establish that in making any such representations about additional sources of financing, Ms. Zerbo was acting in her own capacity as a broker for funding, and not as Plaintiff's agent. Nowhere do the Defendants allege that Plaintiff authorized the statements,

guaranteed Ms. Zerbo's promise, or committed that she (Plaintiff) would be a source of the additional funding. Defendants make no allegation that Plaintiff had anything whatsoever to do with the representations that Ms. Zerbo made regarding other sources of financing. The record before this Court establishes the undisputed fact that Ms. Zerbo was acting on her own in making any such statements, which may or may not create a cause of action for Defendants against her, but certainly does not create a triable issue of fact with regard to Plaintiff's claim for breach of contract.

Second, even if the evidence was not so clear concerning the lack of agency in regard to the additional financing, the parol evidence rule as applied under New York law precludes Defendants from using Ms. Zerbo's oral representations against the written contract. In *Manufacturers Hanover Trust Co. v. Margolis*, 115 A.D.2d 406, 496 N.Y.S.2d 36 (1985), the plaintiff loaned $155,000 to the defendant. The defendant alleged that the loan was part of a larger transaction between defendant and Manufacturers Hanover Commercial Corporation (MHCC), a subsidiary of the plaintiff. In a purported oral agreement, defendant was to receive $200,000 from MHCC. The defendant alleged that the $155,000 loan was really an advance payment from the plaintiff to the defendant, but was in the form of a loan for income tax purposes. Then, MHCC failed to pay the $200,000, so the defendant could not repay the $155,000 loan. The defendant had no claim of wrongdoing against the plaintiff, but rather, only MHCC. In the lawsuit, the plaintiff took no position with regard to the defendant's allegations against MHCC, but "[r]ather, plaintiff argue[d] that defendant's obligation on an unconditional note complete on its face cannot be avoided on the basis of a purported contemporaneous oral agreement between himself and MHCC, to which [plaintiff] was not a party." *Id*. at 406, 496 N.Y.S.2d at 36-37. The court agreed, holding that "the law is clear that where, as is the situation here, there is an unconditional written promise to pay, the parol evidence rule

operates, absent fraud or mistake." *Id.* at 406, N.Y.S.2d at 37. Thus, the court excluded "proof of all prior or contemporaneous negotiations between the parties, as well as extraneous oral agreement, which is intended to contradict or modify the terms of the instrument." *Id.* This is especially true when, as here, the agreement also contained a merger clause. *Id.* Thus, the court affirmed summary judgment for the plaintiff. *See Domansky v. Berkovitch*, 259 A.D.2d 331, 687 N.Y.S.2d 21 (1999) (affirming summary judgment in similar situation).

The Court believes that *Margolis* is on all fours with the present case. Defendants' argument is a classic parol evidence issue. Nothing Defendants state in their papers, or submit in their attachment, provides a basis for the Court to go beyond the parol evidence rule in finding that the contract has been breached. There is no evidence or allegation of fraud or mistake sufficient to create a triable issue of fact. Therefore, being left with an unambiguous contract containing a merger clause and a date certain for repayment, and having an undisputed fact that the Defendants have not repaid the loan amount according to the terms of the contract, summary judgment for Plaintiff is necessary.[2]

### C.    **Fraudulent Transfer**

Defendant Weiss has submitted an affidavit stating that his intent in transferring his one-half joint tenancy to his wife by quit-claim deed was in furtherance of an agreement he had made with her which preceded the events underlying this lawsuit. The law under which Plaintiff has brought this claim, Colorado Revised Statutes § 38-8-105, requires one of two elements to be established prior to proving a violation: Either (1) the debtor (in this case, Weiss) must have had "actual intent to

---

[2]Even if Colorado law applied in this case, Defendants' reliance on *Boyles Brothers Drilling Co. v. Orion Indus.*, 761 P.2d 278 (Colo. Ct. App. 1988) would not change the outcome. In that case, an attorney representing the plaintiff made representations to the defendant about promises *of the plaintiff*. Here, Defendants' argument relies solely on promises Ms. Zerbo made concerning her own commitments to Defendants, not to any promises Plaintiff was making.

6

hinder, delay, or defraud any creditor" (*i.e.*, Plaintiff), *id.* § 38-8-105(1)(a); or (2) the transfer would essentially leave the debtor with insufficient resources to repay the debt. *Id.* § 38-8-105(1)(b)(I) & (II). First, the Court believes the Weiss affidavit is sufficient to establish a material issue of fact with regard to his actual intent. Second, Plaintiff provided no record upon which this Court can make a determination of Weiss' resources or his remaining ability to repay the loan. If, indeed, Weiss had little or no other resources after the transfer of title, then it could be that, as a matter of law, a violation of § 38-8-105(b)(I) or (II) could be established, but the current record does not permit summary judgment. The Court agrees that on their face, the facts as alleged strongly suggest a fraudulent transfer, but this Court may not substitute its judgment for that of a jury. *Lamon v. City of Shawnee, Kan.*, 972 F.2d 1145, 1151 (10th Cir. 1992).

### D.      Attorney's Fees and Costs

Plaintiff has asserted entitlement to attorney's fees and costs based on Defendants' malicious breach of contract. Although the Court has found that the record unmistakably warrants summary judgment for the Plaintiff on the breach of contract claim, more facts are required before the Court or a jury could make the predicate factual determination supporting an award of this type. Therefore, Plaintiff's request for fees and costs will be denied without prejudice.

/

/

/

/

/

/

**III.     Conclusion**

Accordingly, for the reasons state above, it is hereby ORDERED that Plaintiff's Amended Motion for Summary Judgment [Filed February 17, 2006; Docket #31] be **granted** with respect to Claim One, breach of contract, and **denied** with respect to Claim Two, fraudulent transfer.

Dated at Denver, Colorado this 14th day of August, 2006.

BY THE COURT:


 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge