IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-01834-MEH

PATRICIA TARASIEWICZ,

      Plaintiff,

vs.

JEFFREY J. WEISS and
VERNAL PROPERTIES, LLC, a Colorado limited liability company,

      Defendants and Third-Party Plaintiffs,

vs.

DAVID HIRSCH,

      Third-Party Defendant.

---

## ORDER ON THIRD-PARTY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON HIS THIRD PARTY CLAIM

---

Pending before the Court is the Motion for Summary Judge filed by Third Party Plaintiff Jeffrey J. Weiss ("Weiss") (Docket #91).  The matter is fully briefed, and oral argument would not assist in its resolution.  Based on the following analysis, the Court **orders** that the motion be **granted**.

## I.  FACTS

The Court previously granted partial summary judgment for Plaintiff against Defendants Weiss and Vernal Properties, LLC, in this case.  Those parties subsequently resolved their dispute, and the Plaintiff is no longer a party to this action.

The only claim currently pending in this action is the Third Party Plaintiff's claims against Third-Party Defendant David Hirsch ("Hirsch") for contribution.  The background of these claims are that Plaintiff loaned $250,000 to Weiss, Vernal Properties, and Hirsch ("the Borrowers") in

connection with a real estate development project in Germany.  The Borrowers failed to repay the loan according to its terms, without excuse.  This Court so found and granted judgment for Plaintiff. Weiss paid the full amount of the obligation to Plaintiff, and sued Hirsch to recover one-third of the obligation.  Weiss now moves for summary judgment on his contribution claim.  Within the motion, Weiss indicates that Third Party Plaintiff Vernal Properties, LLC ("Vernal") is a company he owns, and that if the summary judgment motion is granted, Vernal will dismiss its contribution claim. Therefore, upon entry of judgment in his favor, no other claims will remain in the case.  In its previous order the Court addressed the standard for summary judgment, and therefore, will not reiterate that standard here.

In his response to the motion, Hirsch admits that he is an obligor under the contract.  He admits that the loan was not repaid.  He does not admit or deny that Weiss paid the entire obligation, although he does not contest the allegation by Weiss and, therefore, it is admitted for purposes of summary judgment.  Hirsch does not deny that in the ordinary course, as a co-obligor on the contract, he is responsible for one-third of the amount due; he merely provides argument on why he should be excused, at least in part, from paying his proportionate share.  In his answer, Hirsch asserted defenses of bad faith and breach of contract against Weiss, but brought no counterclaim.  Hirsch's explanation for why summary judgment should not be granted against him consists of the following:

(1)     The original contract ("Loan Agreement") stated that Weiss, Hirsch, and Vernal need "additional" operating capital.  Hirsch contends that this meant that all loan proceeds were to be spent on expenses which arose after the loan was made, because "additional" means "future."  Because Weiss used some of the loan proceeds to pay expenses related to the project that had been incurred before the trio signed the Loan Agreement, Weiss breached the contract.  Weiss does not dispute that some of the proceeds were used to pay debts that had been incurred prior to execution of the Loan Agreement but contends that this is irrelevant to his motion.

2

(2)     The Loan Agreement states that all distributions of the loan proceeds required the joint signature or joint authorization of Weiss and Donna Marie Zerbo [("Zerbo")], Ms. Tarasiewicz's agent.  Because Weiss spent some of the loan proceeds without Zerbo's authorization, he was in breach of contract.  Weiss argues that Hirsch has provided no evidence of his allegation, and further, that the vast majority of the distributions were with Zerbo's authorization and, finally, that this is irrelevant to his motion.

(3)     The loan proceeds were supposed to pay "operating costs," but Weiss used some of the proceeds for travel and, thus, breached the contract.  Weiss counters that operating costs includes due diligence; the travel expenses were for due diligence; only 12% of the loan proceeds were spent in this manner; and an accounting of the loan distributions includes travel expenses for Hirsch.

(4)     Weiss used some of the loan distributions for his personal benefit and, thus, breached the contract.  Weiss counters that Hirsch has not relied on any evidence in making this allegation and, further, that Weiss did not use the distributions for personal benefit.

Addressing each of these points, the Court finds as follows:

## II.  ANALYSIS

1.     <u>Meaning of the Word "Additional"</u>

Hirsch argues that "[t]he plain language of the Loan Agreement by using the term 'additional' restricted the borrowed funds to disbursement for future expenses."  Opposition at 8.  Thus, under this theory, use of the funds to pay expenses incurred before the loan is a violation of the Loan Agreement.  The Court finds this argument untenable.  "'Additional' is defined as 'existing or coming by way of addition.'  Webster's Third International Dictionary, p. 24 (1981)."  *United States v. Labat*, 915 F.2d  603, 607 n.6 (10th Cir. 1990).  The simple and unambiguous meaning of the Loan Agreement is that Weiss, Vernal, and Hirsch were adding to the money they needed to do the project, *i.e.*, they needed *more money* to do the project.  It has no reference to the date any particular project obligation was incurred.  To adopt Hirsch's argument would be to ignore the law of New York which requires this Court to give effect to the unequivocal language in the contract.  *British Int'l Ins. Co.*

*v. Seguros La Republica, S.A.*, 342 F.3d 78, 82 (2nd Cir. 2003).  The Court rejects this argument.

2.     Joint Authorization of Weiss and Zerbo

Hirsch contends that payment of the old expenses mentioned above was not authorized by Zerbo, in breach of the agreement.  He contends that this amount was $16,814.52.  He testifies by declaration that Zerbo did not approve this expenditure.  Weiss counters that he obtained Zerbo's authorization for "the vast majority of the expenditures."  Reply at p.6.  The Court believes that Weiss has established that summary judgment should be granted on one-third of the amount of the total debt less the $16,814.52.  This amount is the only factual dispute that Hirsch raises which even remotely differentiates this case from the standard rule that "a guarantor who has paid more than his or her proportionate share of a common liability is entitled to contribution from any co-guarantors" (*Leo v. Levi*, 304 A.D.2d 621, 623, 759 N.Y.S.2d 94 (2003)).

3.     Operating Costs

Under the Loan Agreement, the proceeds were explicitly to be used for, among other things, "all due diligence investigations" and "obtaining all governmental approvals and permits" for a project that was in Stuttgart, Germany.  The pleadings in this case establish that Weiss and Hirsch are residents of the United States.  The Court finds that Hirsch has not raised a triable issue of fact as to whether, under the facts of this case, all due diligence investigations, and obtaining all necessary approvals and permits, include travel.  Moreover, Hirsch relies on equity in advancing his defense of this contribution action.  Weiss has provided evidence that Hirsch used thousands of dollars of loan proceeds for travel as well.  There is no material factual dispute about whether some travel was necessary for this endeavor.  Hirsch's argument is unavailing.

4.     Use of Funds for Weiss' Personal Benefit

4

Hirsch alleges that Weiss used some of the money for his personal benefit. Hirsch provides no factual basis whatsoever for this allegation. Hirsch must set forth facts to support his allegations, and "[c]onclusory allegations that are unsubstantiated do not create an issue of fact and are insufficient to oppose summary judgment." *Harvey Barnett, Inc. v. Shidler*, 338 F.3d 1125, 1136 (10th Cir. 2003) (quotation omitted); *see, also,* FED.R.CIV.P. 56(e) ("When a motion for summary judgment is made and supported as provided in this rule, . . . the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial."). Hirsch implies that the "personal expenses" of Weiss for which he used loan proceeds were the travel addressed above. The Court has deducted such expenses from the money to which Weiss is entitled. In light of this deduction, Hirsch has no argument here.

Hirsch also contests Weiss' calculation of the amount that is due. Hirsch contends that it is $330,835.74 as of September 27, 2006, with interest accruing at a rate of 20% annually thereafter. Thus, $330,835.74 less the $16,814.52 that Hirsch argues was misappropriated by Weiss leaves $314,021.22, one-third of which is $104,673.74. Weiss is entitled to $104,673.74 plus 20% simple annual interest commencing September 27, 2006.

This result is mandated by the authority provided by Hirsch, the *Leo v. Levi* case, *supra*. That court stated that unequal benefits from the proceeds of the loan will impact the parties' proportionate share of the liability, 304 A.D.2d at 623, but it does not provide a complete defense to a contribution action. *See Reliance Group Holdings, Inc. v. National Union Fire Ins. Co. of Pittsburgh, Pa.*, 188 A.D.2d 47, 57-58, 594 N.Y.S.2d 20 (1993) ("'Since the right to contribution is inherently equitable in nature, the rule logically follows that where co-obligors have received unequal benefits from the common obligation, the portion of the contribution that each must bear is according to the benefit that

5

each has received.'") (quoting 18 Am Jur. 2d Contribution, § 23).  The Court will, therefore, accept Hirsch's factual averments concerning the inequality and the amount thereof, and will adjust Weiss' proportionate share accordingly.[1]

### III. CONCLUSION

Based on the foregoing, and the entire record herein, it is hereby **ORDERED** that Weiss' Motion for Summary Judgement on His Third Party Claim [Filed October 20, 2006; Docket #91] is **granted**.  It is further **ORDERED** that Third Party Plaintiff Vernal's contribution claim is **dismissed**. Finally, it is **ORDERED** that judgment for Third Party Plaintiff Weiss shall enter against Third Party Defendant Hirsch in the amount of $104,673.74 plus 20% simple annual interest commencing September 27, 2006.

LET JUDGMENT ENTER ACCORDINGLY.

Dated at Denver, Colorado, this 7th day of February, 2007.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[1]As is evident from this discussion, the Court will also accept Hirsch's allegation that New York law governs this dispute, an allegation with which Weiss does not necessary agree but does not challenge for purposes of summary judgment.  Further, Hirsch contends that Weiss did not comply with Judge Walker Miller's civil practice standards in drafting the motion for summary judgment, which is true, but Weiss is correct that because the parties consented to Magistrate Judge jurisdiction, those practice standards do not govern here.