IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01834-MEH-PAC

PATRICIA TARASIEWICZ,

    Plaintiff,

vs.

JEFFREY J. WEISS and
VERNAL PROPERTIES, LLC, a Colorado limited liability company,

    Defendants and Third-Party Plaintiffs,

vs.

DAVID HIRSCH,

    Third-Party Defendant.

_____

**ORDER ON MOTION TO STAY
ENFORCEMENT OF JUDGMENT PENDING APPEAL**
_____

The Court has granted summary judgment for Third-Party Plaintiff Weiss ("Weiss") and against Third-Party Defendant Hirsch ("Hirsch"). Hirsch seeks a stay of the Court's judgment, pending his appeal to the Tenth Circuit (Docket #138). He seeks this stay without the requirement of submitting a supersedeas bond, based on his financial inability to secure such a bond (the judgment being in the amount of $104,673.74, plus 8% interest from September 26, 2006).

Relying upon the very precedent submitted by Hirsch, this Court should normally require a supersedeas bond in the full amount of the judgment. *Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986) (a supersedeas bond is meant to "secure an appellee from loss resulting from the stay of execution and . . . a full supersedeas bond should be the requirement in normal

circumstances."). However, this Court also has discretion in setting a different amount for a supersedeas bond, or, if unusual circumstances dictate, requiring no bond at all (typically when the judgment debtor's assets are clearly sufficient to cover the judgment in the event an appeal is unsuccessful). *Id.* (citations omitted). It is clear from the Tenth Circuit's opinion that this Court should balance the judgment creditor's right to satisfaction of his judgment against the interest in not driving the judgment debtor to insolvency, and if necessary, the Court may grant a supersedeas bond in an amount less than the full judgment.

Here, despite the burden of proof being upon him, Hirsch has provided no objective evidence that posting a bond in the full amount of the judgment is impracticable; he merely makes the conclusory statement in a declaration that he "does not have sufficient assets to post a supersedeas bond equal to the full amount of the judgment." (Docket #138-2). The Court is conscious of the need to balance the competing interests of the parties, but without more objective information from Hirsch, there is no basis for ruling completely in his favor and ordering that no supersedeas bond be paid. In reality, the evidence submitted by Hirsch provides only the narrowest of bases for a determination that a reduced bond be paid. Accordingly, as a measuring stick in this instance, I look to the *Paynter* case. There, the court required a bond in the amount of $500,000 on a $2.1 million judgment. Here, given the significantly lesser amount of the judgment, a higher percentage is clearly warranted.

Therefore, the Court will stay the execution of the judgment in this case conditioned upon Hirsch's compliance with the following conditions:

1. Hirsch shall post a supersedeas bond with the Clerk of the Court in the amount of 50% of the judgment, plus interest, on or before April 6, 2007;

2. Hirsch shall submit to reasonable post-judgment discovery pursuant to Fed. R. Civ. P. 69. If the discovery demonstrates that Hirsch is in a financial position to pay a

      higher bond, the supersedeas bond will be increased accordingly, upon motion made by Weiss;

3. During the pendency of the appeal in this case, Hirsch shall not sell, transfer, convey, encumber, pledge or in any other manner dissipate any assets or financial resources other than is reasonably necessary for purposes of providing for his cost of living and engaging in his employment.

Accordingly, based upon the foregoing and the entire record herein, it is ORDERED that the Motion to Stay Enforcement of Judgment Pending Appeal [Filed March 15, 2007; Docket #138] is **conditionally granted**, based upon Mr. Hirsch's compliance with the above noted conditions, and enforcement of the Judgment in this action is STAYED pending appeal.

It is further ORDERED that if Hirsch does not post the supersedeas bond on or before April 9, 2007, and comply with the other conditions noted above, the stay of this matter will automatically be dissolved with no further action by any party.

Finally, it is ORDERED that should Hirsch post the supersedeas bond as set forth above, the parties shall contact my Chambers at (303) 844-4507 to schedule a teleconference on my calendar at which a post-judgment discovery schedule will be set.

Dated at Denver, Colorado, this 29th day of March, 2007.

                      BY THE COURT:

                      s/ Michael E. Hegarty
                      Michael E. Hegarty
                      United States Magistrate Judge