IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01834-MEH

PATRICIA TARASIEWICZ,

     Plaintiff,

vs.

JEFFREY J. WEISS and
VERNAL PROPERTIES, LLC, a Colorado limited liability company,

     Defendants and Third-Party Plaintiffs,

vs.

DAVID HIRSCH,

     Third-Party Defendant.

_____

**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**
_____

Pending before the Court is the Motion to Alter or Amend Judgment, filed by Third-Party Defendant David Hirsch (Docket #126). The matter is fully briefed, and oral argument would not assist in its resolution. Based on the following analysis, the Court **orders** that the motion be **denied**.

## I. FACTS

The Court previously granted partial summary judgment for Plaintiff against Defendants Weiss and Vernal Properties, LLC, in this case. Those parties subsequently resolved their dispute, and the Plaintiff is no longer a party to this action.

The only claim which remained pending in this action was the Third-Party Plaintiff's claims against Third-Party Defendant David Hirsch ("Hirsch") for contribution. The background of the claims are that Plaintiff loaned $250,000 to Weiss, Vernal Properties, and Hirsch ("the Borrowers") in connection with a real estate development project in Germany. The Borrowers failed to repay the

loan according to its terms, without excuse. This Court so found, and granted judgment for Plaintiff. Weiss paid the full amount of the obligation to Plaintiff, and sued Hirsch to recover one-third of the obligation. By Order entered on February 7, 2007 [Docket #119], this Court granted summary judgment in favor of Weiss and ordered judgment against Hirsch in the amount of $104,673.74 plus 20% simple annual interest commencing September 27, 2006. Judgment was subsequently entered [Docket #120], but later amended to reflect the proper interest rate [Docket #125]. Shortly thereafter, the Hirsch filed his Motion to Alter or Amend Judgment [Docket #126] which argues that the grant of summary judgment should be amended because of newly discovered evidence. Specifically, Hirsch argues that late discovery of additional information demonstrates that he received no benefit from the loan proceeds, and therefore, contribution from him should not be required. Hirsch also contends that new evidence of bad faith by Weiss in connection with the Loan Agreement voids the agreement as to Hirsch. Weiss strenuously contests the allegations in Hirsch's motion [Docket #130], and Hirsch has had opportunity to file his reply [Docket #131].

Almost immediately after filing his reply, Hirsch filed a Notice of Appeal to the United States Court of Appeals for the Tenth Circuit [Docket #132]. On April 2, 2007, the Tenth Circuit found that "the notice of appeal is ineffective to appeal the district court's judgment until the date of the entry of an order disposing of [the motion to amend judgment]," and abated appeal proceedings until Motion to Alter or Amend Judgment has been determined. *See* Docket 150. Accordingly, the Court proceeds to dispose of Hirsch's motion.

## II. ANALYSIS

Rule 59(e) of the Federal Rules of Civil Procedure permit a party to request that a judgment be altered or amended. A motion made under the provisions of Rule 59(e) must be made no later

than 10 days after the entry of judgment. Based upon the record herein, the Court finds that the motion was timely filed.

Only limited grounds support a Rule 59(e) motion. There are three possible grounds which warrant action: (1) an intervening change in controlling law, (2) new evidence which was previously unavailable, or (3) the need to correct clear error or prevent manifest injustice. *See Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1186 n.5 (10th Cir. 2000); *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995). In this case, Hirsch relies upon alleged newly discovered evidence in presenting his motion. "When supplementing a Rule 59(e) motion with additional evidence, the movant must show either that the evidence is newly discovered [and] if the evidence was available at the time of the decision being challenged, that counsel made a diligent yet unsuccessful effort to discover the evidence." *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1524 (10th Cir. 1992) (citations omitted). The party must also demonstrate that the new evidence it relies upon is material. *Buell v. Security Gen. Life Ins. Co.*, 987 F.2d 1467, 1471-72 (10th Cir. 1993).

While Hirsch argues that late discovered additional information demonstrates a genuine issue of material fact with regard to whether Hirsch should be subject to any right of contribution and with regard to bad faith on the part of Weiss, he fails to demonstrate a diligent yet unsuccessful effort to discover the evidence. It is undisputed that the written discovery under which Hirsch purports to have uncovered this information was not served until the last minute prior to the discovery deadline in this case, even though a summary judgment motion in this regard had been pending for almost two months, to which Hirsch had already filed a response raising issues to which he now claims to have newly discovered evidence. Hirsch has provided no basis for a finding that the evidence was

unavailable or nonexistent at the time, only that there was no effort to seek the information until too late in the game. Further, Hirsch never requested that the dispositive motion be held in abeyance pending the completion of further discovery.

Additionally, Hirsch has failed to meet his burden of demonstrating that the information is material to the outcome of the summary judgment motion. As correctly set forth by Weiss, "the material facts are undisputed and consist of the facts that Hirsch 'is an obligor under the contract' with Plaintiff, that 'the loan was not repaid,' and that "Weiss paid the entire obligation." *See* WEISS' BRIEF IN OPPOSITION TO HIRSCH'S MOTION TO ALTER OR AMEND JUDGMENT, Docket #130. Essentially, the Court has already rejected the gravamen of Hirsch's arguments previously in these proceedings, and will not revisit those issues under the guise of a Rule 59(e) motion. *See Resolution Trust Corp. v. Greif*, 906 F.Supp 1446, 1456-57 (D. Kan. 1995) ("A party cannot invoke Rule 59(e) to raise arguments or present evidence that should have been raised in the first instance or to rehash arguments previously considered and rejected by the court.").

### III.  CONCLUSION

Based on the foregoing, and the entire record herein, it is hereby **ORDERED** that Third-Party Defendant David Hirsch's Motion to Alter or Amend Judgment [Filed February 26, 2007; Docket #126] is **denied.**

Dated at Denver, Colorado, this 10th day of April, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

4